# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

EARNEST BARNARD CLAYTON,

    Plaintiff,

v.

DAVIDSON, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-149

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* and a Motion to Appoint Counsel. (Docs. 2, 4.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISSES as moot** his Motion to Appoint Counsel. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that a report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

**BACKGROUND**

In this Complaint, Plaintiff sets forth allegations regarding events occurring from May 2015 through November 2016. (Doc. 1, pp. 6–18.) Specifically, Plaintiff contends he submitted grievances between May 1, 2015, and November 27, 2015, in which he named all Defendants as the people who had subjected him to the conditions of his confinement while he was housed in an administrative segregation dormitory. (Id. at p. 6.) Plaintiff asserts, beginning in early December 2015 and continuing through November 3, 2016, he was kept in the administrative segregation Tier II program after he completed all phases and was denied access to programs inmates in the general population had as retaliation for the filing of these grievances. (Id. at pp. 6, 11–12.) According to Plaintiff, each Defendant engaged in a "campaign" "of retaliation and intimidation or harressment [sic]" against him. (Id. at p. 6.) Plaintiff asserts Defendant Hutcheson came to his cell on December 1, 2015, and November 3, 2016, and told Plaintiff "they" would make sure he never made parole, that other inmates would kill him, and he would stay in administrative segregation "forever" since he filed his grievances. (Id. at pp. 16, 17.)

As an example, Plaintiff asserts he was denied protection against certain groups of inmates, many of whom are or were gang members. (Id. at pp. 6, 10.) Plaintiff also asserts that, upon his arrival in administrative segregation in early "2015 or 2016", the tray box on his cell door was contaminated with rotten and spoiled food, dirt, rust, glass, and feces, and he was denied cleaning supplies. (Id. at pp. 7, 15.) During this same time period, Plaintiff contends he was made to endure very cold temperatures inside the administrative segregation dorm due to broken windows in that dorm. Plaintiff also contends he was not given the requisite state-issued

---

see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

blankets, jacket, or boots to help him deal with these cold temperatures. (Id. at pp. 7, 14.) Moreover, during this same time period, Plaintiff avers mice or rats were in the dorm and left feces behind on at least ten (10) occasions.[2] (Id. at p. 7.) Plaintiff maintains all of these conditions posed a serious risk to his health.

Plaintiff contends Defendants exposed him to assaults and serious threats at the hands of his cell mate upon his arrival in administrative segregation. Plaintiff also contends his cell mate cut him with a razor and assaulted him with items in a sock on November 3, 2016. (Id. at p. 9.) Plaintiff asserts his injuries from this assault needed to be sutured.

## STANDARD OF REVIEW

Plaintiff has brought this action, seeking to proceed *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[2] Plaintiff again notes a mice or rat infestation beginning in December 2015 or January or February 2016, and he then states this infestation lasted "through a time after November 21, 2017." (Doc. 1, p. 12.) The Court addresses this allegation in Section I of this Report, *infra*, at n.6.

3

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys, and therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal Under Section 1915(g)

A prisoner such as Plaintiff attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals has explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)).[3] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). See id. at 731 (dismissal

---

[3] The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

5

for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee[4] when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A review of Plaintiff's history of filings reveals that he indeed has brought at least three civil actions or appeals which count as strikes under Section 1915(g): (1) R. & R. and Order, Clayton v. Williams, 6:16-cv-174 (S.D. Ga. Feb. 20 & Mar. 20, 2017), ECF Nos. 7, 10 (dismissing complaint for failure to state a claim and for failure to follow Court order); (2) R. & R. and Order, Clayton v. Williams, 6:16-cv-151 (S.D. Ga. May 12 & Nov. 14, 2017), ECF Nos. 12, 15 (dismissing complaint for failure to state a claim and for failure to follow Court order);[5] and (3) Mandate, Clayton v. Williams, No. 17-11470-F (11th Cir. Sept. 27, 2017) (appeal dismissed as frivolous).

---

[4] The applicable filing fee is now $400.00. "The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed." Callaway v. Cumberland Cty. Sheriff Dep't, No. CIV. 14-4853 NLH, 2015 WL 2371614, at *1 (D.N.J. May 18, 2015); see also Owens v. Sec'y Fla. Dep't of Corr., Case No.: 3:15cv272/MCR/EMT, 2015 WL 5003649 (N.D. Fla. Aug. 21, 2015) (noting that the filing fee applied to cases in which a prisoner-plaintiff is denied *in forma pauperis* status is $400.00).

[5] While this Court dismissed Plaintiff's complaints without prejudice in these two cited cases based on Plaintiff's failure to state a claim and failure to follow the orders of the Court, both reasons for dismissal are "strike-worthy". 28 U.S.C. § 1915(g); see also Malautea, 987 F.2d at 1544.

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three strike bar. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Plaintiff should not be excused from prepaying the filing fee under the imminent danger of serious physical injury exception. Plaintiff makes no allegation in his Complaint that

Defendants' alleged actions pose a serious risk of imminent physical danger. Instead, Plaintiff maintains that he is in imminent danger of serious physical harm based on events allegedly occurring no later than November 2016. (Doc. 1.) Additionally, Plaintiff makes no allegations that he actually faced this danger at the time he signed his Complaint on November 21, 2017.[6] Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must file a separate cause of action and pay the full filing fee.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[7] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[6] Plaintiff's Complaint is undated. (Doc. 1, p. 19.) However, he filed his Complaint on the same date as his Motion for Leave to Proceed *in Forma Pauperis* and his Motion to Appoint Counsel, both of which are dated November 21, 2017, (doc. 2, p. 2; doc. 4), and which appear to have been sent in the same envelope as Plaintiff's Complaint, (doc. 1, p. 20). Thus, the Court considers November 21, 2017, to be the date Plaintiff's Complaint is dated. The Court notes Plaintiff's assertion that an infestation of rats or mice and cockroaches lasted through "a time after November 21, 2017." (Doc. 1, p. 12.) Since Plaintiff's Complaint is dated November 21, 2017, he could not logically include events occurring at a time after the date of his Complaint in an effort to show he was in imminent danger of serious physical injury at the time he filed his Complaint. Even if Plaintiff could include such an allegation in his Complaint, however, it appears any such allegation would be dismissed based on Plaintiff's failure to exhaust his administrative remedies. Bradley v. Jackson, Civil Action No.: 5:13-cv-127, 2016 WL 1175280 (S.D. Ga. Mar. 24, 2016) (setting forth the Georgia Department of Corrections' grievance procedures and finding plaintiff's failure to follow those procedures constitutes the failure to exhaust administrative remedies), *report and recommendation adopted by* 2016 WL 2889051 (S.D. Ga. May 17, 2016). Thus, even if Plaintiff met the imminent danger exception, it is clear from the face of his Complaint this claim would be subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies. This provides an alternative ground for dismissal of Plaintiff's Complaint.

[7] A certificate of appealability is not required in this Section 1983 action.

context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Additionally, Plaintiff's status as a three-striker prevents him from filing an appeal *in forma pauperis*, just as it prevents him from proceeding *in forma paupers* in this action. Thus, the Court should **DENY** him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel. (Docs. 2, 4.) Additionally, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA